**EXHIBIT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Derek C. Decker, Esq.    232243<br>RADOSLOVICH/KROGH, PC<br>701 University Avenue, Suite 100<br>Sacramento, CA 95825     Email Address(optional):<br>    TELEPHONE NO.: (916) 565-8161     FAX NO.: (916) 565-8170<br>ATTORNEY FOR (Name): CHRISTIAN RUIZ BAPTISTE | For Court Use Only |
|---|---|
| UNITED STATES DISTRICT COURT<br>STREET ADDRESS:    450 Golden Gate Avenue<br>MAILING ADDRESS:   San Francisco, CA 94108<br>CITY AND ZIP CODE:<br>BRANCH NAME: Northern | |
| PLAINTIFF/PETITIONER: CHRISTIAN RUIZ BAPTISTE<br>DEFENDANT/RESPONDANT: LIDS, MICHAEL SOMOON, et al. | |
| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., 1985.3, 1985.6) | CASE NUMBER<br>C-12-5209-PJ14 |

## NOTICE TO CONSUMER OR EMPLOYEE

TO (name): Michael Somoon

1. PLEASE TAKE NOTICE THAT REQUESTING PARTY (name):     CHRISTIAN RUIZ BAPTISTE

    SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on (specify date):    September 17, 2013
    The records are described in the subpoena directed to witness (specify name and address of entity from whom records are sought): GameStop, Inc., c/o C.T. Corp at 818 West Seventh Street in Los Angeles, CA 90017

    A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED IN ITEM a. OR b. BELOW:

    a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.

    b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the proof of service on the reverse side indicating whether you personally served or mailed the objection. The objection should not be filed with the court. WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 8/28/2013

Derek C. Decker, Esq.                     ▶     /s/Derek C. Decker, Esq.
(TYPE OR PRINT NAME)                               (SIGNATURE OF [ ] REQUESTING PARTY [x] ATTORNEY)

### OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1. [ ] I object to the production of all of my records specified in the subpoena.
2. [ ] I object to the production of the following specified records:


3. The specific grounds for my objection are as follows:


Date:

_____                               _____
(TYPE OR PRINT NAME)               see following for proof of service           (SIGNATURE)

Form Adopted for Mandatory Use     NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION     Code of Civil Procedure
Judicial Council of California                                        (Code Civ. Proc., 1985.3, 1985.6)                           1985.3, 1985.6,
SUBP-025 [Rev. January 1, 2008]                                                                                                                                       2020.010-202.510

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| Christian Ruiz Baptise | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. C-12-5209-PJH |
| LIDS; Hat World, Inc.; Michael Somoon, et al. | ) | |
|  | ) | (If the action is pending in another district, state where:  ) |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: GameStop, Inc. and/or GameStop Corp. which will do business in California as GameStop, Inc. (GameStop, Inc. Headquarters; 625 Westport Parkway, Grapevine, TX 76051) c/o/ C T Corporation System; 818 W Seventh St., Los Angeles, CA 90017

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: The Gallagher Group<br>1325 Howe Avenue, Suite 105<br>Sacramento, CA 95825 | Date and Time:<br>9/17/2013 5:30 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/28/13

CLERK OF COURT                                      OR

_____           _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____      _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Attachment for Subpoena

## DEFINITION OF TERMS

The following section consists of definition to be used for the purpose of answering this request for production in a complete and thorough manner. Please review these definitions carefully.

"YOU" or "YOUR" means GameStop, Inc. and/or Gamestop Corp. which will do business in California as GameStop Corp., its agents, employees, principals, affiliates, subsidiaries, parent company's, divisions, insurance company, their agents and employees, and your attorneys, investigators, any of its affiliates, and anyone else acting on your or their behalf;

"SOMOON" shall refer to Defendant Michael Somoon

"DOCUMENT" or "DOCUMENTS" shall refer to all writings as that term is defined pursuant to Federal Rules of Evidence Rule 1001. DOCUMENTS in electronic format should be produced in electronic format (i.e., emails should be produced in electronic format on disk);

"CORRESPONDENCE" shall mean any written communication by the exchange of mail, facsimile, electronic mail, text message, or any other means of transmission. CORRESPONDENCE in electronic format should be produced in electronic format (i.e. emails should be produced in electronic format on disk);

"RELATING TO" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed;

"ANY" shall mean "ALL" and vice versa;

"AND" shall mean "OR" and "OR" shall mean "AND" as necessary to call for the broadest possible answer.

## REQUESTED DOCUMENTS

The following is the designation of the documents and/or tangible things to be produced as aforesaid:

1. ANY DOCUMENTS RELATING TO racial comments made by SOMOON during his employment with YOU.

Attachment for Subpoena

2. ANY DOCUMENTS RELATING TO racial statements made by SOMOON during his employment with YOU.

3. ANY DOCUMENTS RELATING TO racial slurs made by SOMOON during his employment with YOU.

4. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial comments during his employment with YOU.

5. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial statements during his employment with YOU.

6. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial slurs during his employment with YOU.

7. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial comments during his employment with YOU.

8. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial statements during his employment with YOU.

9. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial slurs during his employment with YOU.

10. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of violence towards employees during his employment with YOU.

11. ANY DOCUMENTS RELATING TO complaints made against SOMOON about threats of violence towards employees during his employment with YOU.

12. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of violence towards employees during his employment with YOU.

13. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about threats of violence towards employees during his employment with YOU.

14. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of intimidation towards employees during his employment with YOU.

15. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of intimidation towards employees during his employment with YOU.

Ref #: 108742

SUBP-025

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address)<br>Derek C. Decker, Esq.   232243<br>RADOSLOVICH/KROGH, PC<br>701 University Avenue, Suite 100<br>Sacramento, CA 95825        Email Address(optional):<br>    TELEPHONE NO.: (916) 565-8161         FAX NO.: (916) 565-8170<br>ATTORNEY FOR (Name): CHRISTIAN RUIZ BAPTISTE | For Court Use Only |
|---|---|
| UNITED STATES DISTRICT COURT<br>STREET ADDRESS: 450 Golden Gate Avenue<br>MAILING ADDRESS: SAn Francisco, Ca 94108<br>CITY AND ZIP CODE:<br>BRANCH NAME: Northern | |
| PLAINTIFF/PETITIONER: CHRISTIAN RUIZ BAPTISTE<br>DEFENDANT/RESPONDANT: LIDS, MICHAEL SOMOON, et al. | |
| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., 1985.3, 1985.6) | CASE NUMBER<br>C-12-5209-PJ14 |

## NOTICE TO CONSUMER OR EMPLOYEE

TO (name): Michael Somoon

1. PLEASE TAKE NOTICE THAT **REQUESTING PARTY** (name):       CHRISTIAN RUIZ BAPTISTE

   SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on (specify date):   September 17, 2013
   The records are described in the subpoena directed to witness (specify name and address of entity from whom records are sought): OfficeMax, Inc. c/o CSC Lawyers at 2710 Gateway Oaks Drive, #150 in Sacramento, CA 95833

   A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the witness and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the proof of service on the reverse side indicating whether you personally served or mailed the objection. The objection should not be filed with the court. **WARNING:** IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 8/28/2013

Derek C. Decker, Esq.                                        /s/Derek C. Decker, Esq.
(TYPE OR PRINT NAME)                     (SIGNATURE OF ☐ REQUESTING PARTY  [x] ATTORNEY)

## OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1. ☐ I object to the production of all of my records specified in the subpoena.
2. ☐ I object to the production of the following specified records:


3. The specific grounds for my objection are as follows:


Date:


_____                                                    _____
(TYPE OR PRINT NAME)                                                         (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-025 [Rev. January 1, 2008]

see following for proof of service
NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
(Code Civ. Proc., 1985.3, 1985.6)

Code of Civil Procedure
1985.3, 1985.6,
2020.010-202.510

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Christian Ruiz Baptiste | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  C-12-5209-PJH |
| LIDS; Hat World, Inc.; Michael Somoon, et al. | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Office Max Incorporated and/or Office Max North America, Inc. (Office Max Headquarters; 263 Shuman Blvd., Naperville, IL 60563) c/o Corporation Service Company Which will do business in California as CSC - Lawyers Incorporating Service; 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached.

| Place: The Gallagher Group<br>1325 Howe Avenue, Suite 105<br>Sacramento, CA 95825 | Date and Time:<br>9/17/2013 5:30 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/28/13

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   (i) disclosing a trade secret or other confidential research, development, or commercial information;

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   (i) expressly make the claim; and

   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Attachment to Subpoena

## DEFINITION OF TERMS

The following section consists of definition to be used for the purpose of answering this request for production in a complete and thorough manner. Please review these definitions carefully.

"YOU" or "YOUR" means Office Max Incorporated and/or Office Max North America, Inc., its agents, employees, principals, affiliates, subsidiaries, parent company's, divisions, insurance company, their agents and employees, and your attorneys, investigators, any of its affiliates, and anyone else acting on your or their behalf;

"SOMOON" shall refer to Defendant Michael Somoon (DOB  )

"DOCUMENT" or "DOCUMENTS" shall refer to all writings as that term is defined pursuant to Federal Rules of Evidence Rule 1001. DOCUMENTS in electronic format should be produced in electronic format (i.e., emails should be produced in electronic format on disk);

"CORRESPONDENCE" shall mean any written communication by the exchange of mail, facsimile, electronic mail, text message, or any other means of transmission. CORRESPONDENCE in electronic format should be produced in electronic format (i.e. emails should be produced in electronic format on disk);

"RELATING TO" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed;

"ANY" shall mean "ALL" and vice versa;

"AND" shall mean "OR" and "OR" shall mean "AND" as necessary to call for the broadest possible answer.

## REQUESTED DOCUMENTS

The following is the designation of the documents and/or tangible things to be produced as aforesaid:

1. ANY DOCUMENTS RELATING TO racial comments made by SOMOON during his employment with YOU.

Attachment to Subpoena

2. ANY DOCUMENTS RELATING TO racial statements made by SOMOON during his employment with YOU.

3. ANY DOCUMENTS RELATING TO racial slurs made by SOMOON during his employment with YOU.

4. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial comments during his employment with YOU.

5. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial statements during his employment with YOU.

6. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial slurs during his employment with YOU.

7. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial comments during his employment with YOU.

8. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial statements during his employment with YOU.

9. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial slurs during his employment with YOU.

10. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of violence towards employees during his employment with YOU.

11. ANY DOCUMENTS RELATING TO complaints made against SOMOON about threats of violence towards employees during his employment with YOU.

12. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of violence towards employees during his employment with YOU.

13. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about threats of violence towards employees during his employment with YOU.

14. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of intimidation towards employees during his employment with YOU.

15. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of intimidation towards employees during his employment with YOU.

Ref #: 108743                                                                                                         SUBP-025

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | For Court Use Only |
|---|---|
| Derek C. Decker, Esq.   232243<br>RADOSLOVICH/KROGH, PC<br>701 University Avenue, Suite 100<br>Sacramento, CA 95825   Email Address(optional):<br>TELEPHONE NO.: (916) 565-8161   FAX NO.: (916) 565-8170<br>ATTORNEY FOR (Name): CHRISTIAN RUIZ BAPTISTE | |

**UNITED STATES DISTRICT COURT**
STREET ADDRESS:
MAILING ADDRESS: 450 Golden Gate Avenue
CITY AND ZIP CODE: San Francisco, CA 94108
BRANCH NAME: Northern

PLAINTIFF/PETITIONER: CHRISTIAN RUIZ BAPTISTE

DEFENDANT/RESPONDANT: LIDS, MICHAEL SOMOON, et al.

| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., 1985.3, 1985.6) | CASE NUMBER<br>C-12-5209-PJ14 |
|---|---|

**NOTICE TO CONSUMER OR EMPLOYEE**

TO (name): Michael Somoon

1. PLEASE TAKE NOTICE THAT REQUESTING PARTY (name):         CHRISTIAN RUIZ BAPTISTE

   SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on (specify date):    September 17, 2013
   The records are described in the subpoena directed to **witness** (specify name and address of entity from whom records are sought): Orchard Supply Hardware Corporation, c/o C.T. Corp. at 818 West Seventh Street in Los Angeles, CA 90017

   A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the proof of service on the reverse side indicating whether you personally served or mailed the objection. The objection should not be filed with the court. WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: 8/28/2013

Derek C. Decker, Esq.                                                        ▶      /s/Derek C. Decker, Esq.
..............................................................................          ...........................................................................
(TYPE OR PRINT NAME)                                                                (SIGNATURE OF [ ] REQUESTING PARTY [x] ATTORNEY)

**OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS**

1. [ ] I object to the production of all of my records specified in the subpoena.
2. [ ] I object to the production of the following specified records:


3. The specific grounds for my objection are as follows:


Date:

..............................................................................                                                        ...........................................................................
(TYPE OR PRINT NAME)                                                                                        (SIGNATURE)
                          see following for proof of service

Form Adopted for Mandatory Use    NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION    Code of Civil Procedure
Judicial Council of California                                                                                                                 1985.3, 1985.6,
SUBP-025 [Rev. January 1, 2008]          (Code Civ. Proc., 1985.3, 1985.6)                                              2020.010-202.510

SUBP-025

| | |
|---|---|
| PLAINTIFF /PETITIONER: CHRISTIAN RUIZ BAPTISTE<br>DEFENDANT /RESPONDENT: LIDS, MICHAEL SOMOON, et al. | Case Number<br>C-12-5209-PJ14 |

## PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
(Code Civ. Proc., 1985.3, 1985.6)

Personal Service [ ]   Mail [X]

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the Notice to Consumer or Employee and Objection as follows (check either a or b):

    a. [ ] **Personal Service.** I personally delivered the Notice to Consumer or Employee and Objection as follows:
    - (1) Name of person served:
    - (2) Address where served:
    - (3) Date Served:
    - (4) Time Served:

    b. [X] **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
    - (1) Name of person served: Daniel A. Croley, Esq.
    - (2) Address where served: 180 Sansome Street, 17th Floor, San Francisco, CA 94104
    - (3) Date Served: 8-28-2013
    - (4) Place of Mailing (city and state): Sacramento, California
    - (5) I am a resident of or am employed in the county where the Notice to Consumer or Employee and Objection was mailed.

    c. My residence or business address is (specify): 1325 Howe Avenue, Suite 105, Sacramento, CA 95825-0336
    d. My phone number is (specify): (916) 488-9895

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8-28-2013

Chuck Gallagher
(TYPE OR PRINT NAME OF PERSON WHO SERVED)           (SIGNATURE OF PERSON WHO SERVED)

## PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
(Code Civ. Proc., 1985.3, 1985.6)

Personal Service [ ]   Mail [ ]

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the Notice to Consumer or Employee and *Objection* as follows (complete either a or b):

    a. ON THE REQUESTING PARTY
    - (1) [ ] **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
      - (i.) Name of person served:
      - (ii.) Address where served:
      - (iii.) Date Served:
      - (iv.) Time Served:
    - (2) [ ] **Mail.** I deposited the Objection to Production of Records in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
      - (i.) Name of person served:
      - (ii.) Address:
      - (iii.) Date of mailing:
      - (iv.) Place of mailing (*city and state*):
      - (v.) I am a resident of or am employed in the county where the *Objection to Production of Records* was mailed.

    b. ON THE WITNESS
    - (1) [ ] **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
      - (i.) Name of person served:
      - (ii.) Address where served:
      - (iii.) Date Served:
      - (iv.) Time Served:
    - (2) [ ] **Mail.** I deposited the Objection to Production of Records in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
      - (i.) Name of person served:
      - (ii.) Address:
      - (iii.) Date of mailing:
      - (iv.) Place of mailing (*city and state*):
      - (v.) I am a resident of or am employed in the county where the *Objection to Production of Records* was mailed.

3. My residence or business address is *(specify)*:
4. My phone number is *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF PERSON WHO SERVED)           (SIGNATURE OF PERSON WHO SERVED)

SUBP-025[Rev. January 1, 2008]       NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION       Page two
(Code Civ. Proc., 1985.3, 1985.6)

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| Christian Ruiz Baptiste | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. C-12-5209-PJH |
| LIDS; Hat World, Inc.; Michael Somoon, et al. | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Orchard Supply Hardware Corporation and/or Orchard Supply Hardware Stores Corporation (Orchard Supply Hardware Headquarters; 333 Beverly Road, B-2130B, Hoffman Estates, IL 60179) c/o C T Corporation System; 818 W Seventh St., Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached.

| Place: The Gallagher Group<br>1325 Howe Avenue, Suite 105<br>Sacramento, CA 95825 | Date and Time:<br>9/17/2013 5:30 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/28/13

_____  OR  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's Signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. C-12-5209-PJH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 (i) fails to allow a reasonable time to comply;

 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 (iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 (i) disclosing a trade secret or other confidential research, development, or commercial information;

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 (i) expressly make the claim; and

 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Attachment to Subpoena

## DEFINITION OF TERMS

The following section consists of definition to be used for the purpose of answering this request for production in a complete and thorough manner. Please review these definitions carefully.

"YOU" or "YOUR" means Orchard Supply Hardware Corporation and/or Orchard Supply Hardware Stores Corporation, its agents, employees, principals, affiliates, subsidiaries, parent company's, divisions, insurance company, their agents and employees, and your attorneys, investigators, any of its affiliates, and anyone else acting on your or their behalf;

"SOMOON" shall refer to Defendant Michael Somoon

"DOCUMENT" or "DOCUMENTS" shall refer to all writings as that term is defined pursuant to Federal Rules of Evidence Rule 1001. DOCUMENTS in electronic format should be produced in electronic format (i.e., emails should be produced in electronic format on disk);

"CORRESPONDENCE" shall mean any written communication by the exchange of mail, facsimile, electronic mail, text message, or any other means of transmission. CORRESPONDENCE in electronic format should be produced in electronic format (i.e. emails should be produced in electronic format on disk);

"RELATING TO" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed;

"ANY" shall mean "ALL" and vice versa;

"AND" shall mean "OR" and "OR" shall mean "AND" as necessary to call for the broadest possible answer.

## REQUESTED DOCUMENTS

The following is the designation of the documents and/or tangible things to be produced as aforesaid:

1. ANY DOCUMENTS RELATING TO racial comments made by SOMOON during his employment with YOU.

Attachment to Subpoena

2. ANY DOCUMENTS RELATING TO racial statements made by SOMOON during his employment with YOU.

3. ANY DOCUMENTS RELATING TO racial slurs made by SOMOON during his employment with YOU.

4. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial comments during his employment with YOU.

5. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial statements during his employment with YOU.

6. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of racial slurs during his employment with YOU.

7. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial comments during his employment with YOU.

8. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial statements during his employment with YOU.

9. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of racial slurs during his employment with YOU.

10. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of violence towards employees during his employment with YOU.

11. ANY DOCUMENTS RELATING TO complaints made against SOMOON about threats of violence towards employees during his employment with YOU.

12. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of violence towards employees during his employment with YOU.

13. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about threats of violence towards employees during his employment with YOU.

14. ANY DOCUMENTS RELATING TO complaints made against SOMOON about use of intimidation towards employees during his employment with YOU.

15. ANY DOCUMENTS RELATING TO disciplinary action made against SOMOON about use of intimidation towards employees during his employment with YOU.