1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

CHRISTIAN RUIZ BAPTISTE,

                Plaintiff,

    v.

LIDS; HAT WORLD, INC.; GENESCO, INC.; MICHAEL SOMOON; and DOES 1-5 inclusive.,

                Defendants.

_____/

No. C 12-05209 PJH (MEJ)

**DISCOVERY ORDER RE REQUEST FOR MENTAL EXAMINATION OF PLAINTIFF UNDER F.R.C.P. 35**
[Dkt. No. 37]

    On October 7, 2013, the parties in this action filed a joint letter detailing a discovery dispute concerning Defendants' request that Plaintiff submit to a Independent Medical Examination pursuant to Federal Rule of Civil Procedure 35.  Dkt. No. 37.  Defendants state that on September 13, 2013, they sent Plaintiff a letter requesting that Plaintiff submit to an IME, but Plaintiff did not respond.  *Id.* at 1.  Thereafter, Plaintiff indicated that Dr. James Gracer, a psychiatrist, and Mr. Steven Sardella, a psychologist, would be called to testify at trial about Plaintiff's mental condition.  *Id.*  On September 20, 2013, Plaintiff informed Defendant that he refused to submit to an IME.  *Id.*  Defendants now request that the Court order Plaintiff to submit to a complete mental exam with a psychiatrist chosen by Defendants.  *Id.*

    Pursuant to Federal Rule of Civil Procedure 35(a)(1), the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  "Under Rule 35, the party moving for a physical or mental examination must meet two requirements: first, the physical or mental condition of the party must be 'in controversy'; and second, 'good cause' for the examination must be established."  *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (quoting *Schlagenhauf v. Holder*, 379

1  U.S. 104, 117-20 (1964)).

2      Defendants argue that both requirements are satisfied, as Plaintiff has placed his mental

3  condition in controversy by alleging that he suffered and continues to suffer severe emotional distress

4  as a result of Defendants' conduct and seeks damages for his mental distress and for medical and

5  counseling expenses.  Ltr. at 2.  Additionally, Defendants assert that Plaintiff intends to have Dr.

6  Gracer and Mr. Sardella testify at trial about Plaintiff's emotional distress.  *Id*.  They assert that they

7  will be unfairly prejudiced if they cannot present evidence from a Board Certified psychiatrist chosen

8  by Defendants who has conducted a thorough mental examination of Plaintiff.  *Id*. at 2-3.

9      Plaintiff, however, maintains that he has not asserted a claim for negligent or intentional

10  infliction of emotional distress; rather he asserts that his "emotional distress damages arise from the

11  violations of Title VII and 41 U.S.C. § 1981."  *Id*. at 4.  He further argues that he does not suffer from

12  "unusually severe" emotional distress as a result of Defendants' conduct.  *Id*.  He thus urges the Court

13  to deny Defendants' request.

14      The Court has considered the parties' arguments and agrees with Defendants.  As Defendants'

15  correctly note, Plaintiff has alleged that he "has suffered and will continue to suffer severe emotional

16  distress" and seeks damages for such distress, as well as for mental health treatment he sought as a

17  result of such distress.  Compl. ¶ 27 & 7 (prayer for relief ¶¶ 3, 5).  Plaintiff has thus placed his

18  mental condition in controversy.  Plaintiff also intends to present testimony from Dr. Gracer and Mr.

19  Sardella on the issue.  Thus, good cause exists to permit Defendants to conduct an IME of Plaintiff

20  for purposes of presenting rebuttal evidence.  *See Tan v. City & Cnty. of San Francisco*, 2009 WL

21  594238, at *3 (N.D. Cal. Mar. 4, 2009) ("On balance, the Court finds that Plaintiff's right to privacy

22  is outweighed by Defendants' right to a fair trial because his mental health is key to Defendants'

23  defense."); *see also Franco v. Boston Scientific Corp.*, 2006 WL 3065580, at *1 (N.D. Cal. Oct. 27,

24  2006) (the right of privacy must be balanced against Defendants' right to a fair trial).  Accordingly,

25  the Court **GRANTS** Defendants' request to order Plaintiff to submit to an IME as follows.

26      The parties shall agree on a mutually convenient time and place for the examination.  The

27  mental examination shall be limited to 3 hours.  In advance of the examination, Defendants shall

28

UNITED STATES DISTRICT COURT
For the Northern District of California

2

provide Plaintiff with the names of three proposed psychiatrists and Plaintiff shall select one who will conduct the examination.  The Court has also reviewed the proposed scope of the examination, as set forth in the letter attached as Exhibit 1 to the joint letter, and finds it to be reasonable.  The Court denies Plaintiff's request for counsel to attend the examination or to have it audio recorded.

   **IT IS SO ORDERED.**

Dated: October 18, 2013

_____
Maria-Elena James
United States Magistrate Judge