UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CHRISTIAN RUIZ BAPTISTE,<br><br>        Plaintiff,<br>   v.<br><br>LIDS; HAT WORLD, INC.; GENESCO, INC.; MICHAEL SOMOON; and DOES 1-5 inclusive.,<br><br>        Defendants. | No. C 12-05209 PJH (MEJ)<br><br>**DISCOVERY ORDER RE OCTOBER 4, 2013 JOINT LETTER** [Dkt. No. 32] |

## I. INTRODUCTION

On October 4, 2013, the parties in this action filed a joint letter regarding a dispute over Plaintiffs' refusal to execute a release of his medical records from seven mental health providers. Dkt. No. 32. Defendants contend that by seeking to recover damages for emotional distress, medical and counseling services, and future medication and treatment, Plaintiff has placed his mental condition in issue, and Defendants should be allowed to obtain his medical records to rebut his allegations that any mental distress was the result of Defendants' purported conduct. *Id*. at 2-3. Defendants therefore request that the Court order Plaintiff to execute releases for certain mental health providers that have treated Plaintiff during the last 10 years. *Id*. Plaintiff, however, urges the Court to deny Defendants' request, arguing that his medical records are protected from disclosure by the psychotherapist-patient privilege and that he has not waived that privilege. *Id*. at 4-5. For the reasons set forth below, the Court **GRANTS** Defendants' request.

## II. BACKGROUND

Plaintiff filed this lawsuit against his former employer, asserting claims for: (1) racial discrimination and harassment in violation of Title VII; and (2) racial discrimination under the Civil Rights Act, 42 U.S.C. § 1981. Compl. ¶¶ 12-32. In his Complaint, Plaintiff alleges that as a result of

1  Defendants' conduct, he "has suffered and will continue to suffer severe emotional distress to his
2  general damage in an amount within the jurisdiction of this Court," and demands special and
3  consequential damages for medical and counseling expenses and for his emotional distress. Compl. ¶
4  27 & 7 (prayer for relief ¶¶ 3, 5).

5  In their joint letter, Defendants indicate that they sought production of all documents relating
6  to Plaintiff's emotional distress, treatment Plaintiff received from any medical provider as a result of
7  conduct attributed to Defendants, and treatment he received from any medical provider at any time
8  prior to his employment with Hat World for any condition that he claims was exacerbated by any
9  conduct by Defendants. Ltr. at 1. Defendants also state that, in response to Defendants'
10 Interrogatory No. 4, Plaintiff disclosed that he received treatment from a psychiatrist, Dr. James
11 Gracer, and a psychologist, Steven Sardella. *Id*. Defendants subpoenaed records from Dr. Gracer
12 and Mr. Sardella, and Plaintiff signed authorizations for the release of those records. *Id*. According
13 to Defendants, the records indicated that Plaintiff had a history of depression/mental health issues for
14 which he received treatment from Dr. Frederick Matzner. *Id*. Accordingly, Defendants subpoenaed
15 Dr. Matzner's records, but Dr. Matzner refused to produce the documents without a signed release
16 from Plaintiff, which Plaintiff has refused to sign. *Id*. Defendants also deposed Plaintiff's mother,
17 Esther Ruiz, who identified other medical providers who treated Plaintiff for depression/mental
18 health issues, including Children's Hospital Oakland, Kaiser East Bay, Brookside Community Health
19 Center, Alta Bates Summit Medical Center, Ann Martin Center, and Mount Sinai Hospital. *Id*.
20 Following Ms. Ruiz's deposition, Defendants requested that Plaintiff sign the release for Dr.
21 Matzner's records and also sign identical releases for the records of the entities Ms. Ruiz identified.
22 *Id*. Plaintiff refused. *Id*. Thus, Defendants now request that the Court order Plaintiff to sign the
23 seven release forms authorizing the release of his medical records. Plaintiff objects on the ground
24 that the documents are protected by his psychotherapist-patient privilege.

### III.  DISCUSSION

26 Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty to a civil suit, such as a mental
27 health practitioner or primary care physician, can be subpoenaed for documents relevant to the suit.

28

2

1  Under Rule 26(b)(1), documents are discoverable if they are not privileged and "relevant to any
2  party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence."
3  Fed. R. Civ. P. 26(b)(1). A court may quash an otherwise relevant subpoena if the subpoena
4  "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.
5  R. Civ. P. 45(c)(3)(A)(iii). As the party resisting discovery, the burden is on Plaintiff to demonstrate
6  why discovery should not be permitted. Fed. R. Civ. P. 26(b); *see also Soto v. City of Concord*, 162
7  F.R.D. 603, 609 (N.D. Cal. 1995).

8       Federal law recognizes a psychotherapist-patient privilege as to "confidential communications
9  between a licensed psychotherapist and her patients in the course of diagnosis or treatment." *Jaffee v.*
10 *Redmond*, 518 U.S. 1, 15 (1996); *United States v. Chase*, 340 F.3d 978, 983-84 (9th Cir. 2003).
11 However, the privilege may be waived where the patient's specific medical condition is placed into
12 issue. *Maynard v. City of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994) (finding that plaintiff
13 "waived any privilege protecting his psychological records when he put his emotional condition at
14 issue"). However, a plaintiff who merely brings a "garden variety" claim for emotional distress does
15 not waive the privilege. "Garden-variety emotional distress has been described by one court as
16 'ordinary or commonplace emotional distress,' that which is 'simple or usual.' In contrast, emotional
17 distress that is not garden variety 'may be complex, such as that resulting in a specific psychiatric
18 disorder.'" *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003) (citing *Ruhlmann v. Ulster*
19 *Cnty Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000)).

20      Here, the parties dispute whether Plaintiff has waived this privilege. Plaintiff asserts that he
21 "only waives his privilege if he testifies to the substance of the communications between himself and
22 his former psychotherapists," and contends that Defendants have failed to demonstrate that he has
23 done so. Ltr. at 5. Defendants counter that Plaintiff has squarely put his mental condition at issue in
24 this case by alleging that he suffered and continues to suffer emotional distress as a result of
25 Defendant's conduct and by seeking damages relating to such distress. *Id.* at 2. Specifically,
26 Defendants proffer that Plaintiff expressly alleged in his Complaint that he "has suffered and will
27 continue to suffer severe emotional distress" as a result of Defendants' conduct; seeks to recover
28

UNITED STATES DISTRICT COURT
For the Northern District of California

special damages for medical and counseling expenses and emotional distress; and indicated in his initial disclosures that his damages include emotional distress in an amount not less than $500,000, and for past and future expenses for "therapist and psychologist" and prescription medication. *Id*. at 2-3. Defendants also state that Plaintiff intends to have his treating psychiatrist and psychologist testify at trial. *Id*. at 3. Finally, Defendants assert that they are entitled to rebut Plaintiff's claims by presenting evidence that any alleged emotional distress and/or need for treatment arises from pre-existing conditions and/or causes other than Defendants' alleged conduct. *Id*. at 2.

The Court has considered the parties' arguments and agrees with Defendants. As Defendants point out, Plaintiff has alleged that he has and *continues to suffer severe emotional distress* stemming from Defendants' alleged conduct and seeks to recover damages for both emotional distress, as well as for the medical and counseling expenses associated with it. Compl. ¶ 27 & pg. 7. Thus, while Plaintiff has not asserted a claim for infliction of emotional distress, his allegations put his mental and emotional condition directly in issue and it will be a significant component of the damages he seeks. In this way, Plaintiff has done more than simply allege "garden variety" emotional distress. Further, Plaintiff plans to offer expert testimony to support his claim for damages for emotional distress. Taken together, the Court finds Plaintiff has waived the psychotherapist-patient privilege with respect to his mental health records. *Fitzgerald*, 216 F.R.D. at 639; *Dornell v. City of San Mateo*, 2013 WL 5443036, at *4 (N.D. Cal. Sept. 30, 2013).

Accordingly, the Court **GRANTS** Defendants' request and **ORDERS** Plaintiff to execute the release forms for Dr. Matzner and the six health providers identified in the joint letter no later than October 21, 2013.

**IT IS SO ORDERED.**

Dated: October 18, 2013

_____
Maria-Elena James
United States Magistrate Judge