UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTIAN RUIZ BAPTISTE,

    Plaintiff,

    v.

LIDS; HAT WORLD, INC.; et al.,

    Defendants.

_____/

No. C 12-5209 PJH

**ORDER DENYING MOTION TO VACATE JUDGMENT AND AMEND ORDER**

Before the court is the motion of plaintiff Christian Ruiz Baptiste pursuant to Federal Rule of Civil Procedure 59(e) for an order vacating the February 5, 2014 final judgment and amending the order granting summary judgment for the defendants. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

Rule 59(e) gives district courts "considerable discretion" when considering motions to alter or amend judgments. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003). However, this is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations and quotations omitted).

"Judgment is not properly reopened absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (citations and quotations omitted). In addition, Rule 59(e) cannot be used to raise arguments that could reasonably have been made earlier in the litigation. Kona Enters., 229 F.3d at 890.

Plaintiff seeks reconsideration on all three grounds set forth in Rule 59(e) – that newly discovered evidence supports a reasonable inference of racial animus and pretextual firing; that the court erred by applying outdated legal standards; and that an intervening change in the controlling law makes clear that defendant Michael Somoon can be considered the decisionmaker with regard to plaintiff's termination, or at a minimum that it raises a disputed question of fact. In addition, he identifies several questions which he asserts raise disputed issues of fact that preclude summary judgment.

1. Newly-discovered evidence

First, plaintiff contends that newly-discovered evidence provides support for an inference of racial animus and pretextual firing. This evidence consists of documents attached to the declaration of plaintiff's counsel Derek Decker, and also includes declarations by Dr. Stephen M. Raffle and Beth De Lima.

Plaintiff filed this action on October 9, 2012. The original fact discovery cut-off date was set for September 30, 2013, and the deadline for hearing summary judgment motions was set for December 4, 2013. At the parties' request, the court later extended the fact discovery deadline to October 21, 2013, and the hearing deadline for summary judgment motions to December 11, 2013. Only defendants filed motions for summary judgment.

The documents attached to the Decker Declaration were obtained pursuant to subpoena from the San Francisco Police Department (SFPD) and the Office of Citizen Complaints (OCC), and from OSH (Somoon's former employer). According to Decker, although subpoenas were originally served on the SFPD in June 2013, the responsive documents were not produced by the SFPD and the OCC until after October 2013, with the production continuing into early December 2013.

Decker asserts that the records obtained from the SFPD show that on October 29, 2008, Somoon called 911 and reported a citizen's arrest was in progress, and that an "adult male" was resisting the arrest and there was no security. According to Decker, this resulted in the 911 call being given a high priority. Decker claims that the fact of this 911 call contradicts Somoon's deposition testimony and the testimony of the responding

2

officers, all of whom (according to plaintiff) stated that there was no crime in progress, that Somoon was not attempting a citizen's arrest, that there was no arrest for plaintiff to resist, and that plaintiff was cooperative. (Decker does not attach or reference any of this testimony, and the court was unable to locate it in the record.) Decker also notes that plaintiff testified in his deposition that the officers were hostile and that they wrenched his arm behind his back (which testimony the court did cite in the order granting defendants' motion). Plaintiff asserts that the fact of the 911 call shows that plaintiff was telling the truth and that Somoon was lying.

According to plaintiff, the documents produced by OSH show that "multiple complaints" were made against Somoon at OSH, "including complaints relating to racially motivated statements" against African-Americans. Decker asserts that his office repeatedly attempted to contact Sally Deremer, one of the individuals who complained about Somoon, but was unable to do so until January 21, 2014. Decker has included a declaration from Ms. Deremer, detailing her complaints about Somoon, and stating that she found his comments "personally offensive."

Dr. Raffle is a psychiatrist who was retained by plaintiff's counsel. He examined plaintiff on December 6, 2013, and has provided a report dated December 19, 2013. In that report, he concludes that plaintiff suffers from post-traumatic stress disorder, major depressive disorder, alcohol use disorder, hoarding disorder, attention-deficit/hyperactivity disorder, panic disorder, and hypersomnolence disorder. He asserts that all these disorders, with the exception of the ADHD, arose after plaintiff was terminated from his position at Hat World. The bulk of Dr. Raffle's report purports to recount a version of all the encounters between plaintiff and Somoon, and to offer a psychiatric analysis of the effect of these encounters on plaintiff's psyche.

Ms. De Lima is a certified "Professional in Human Resources" who owns a consulting company. She was retained by plaintiff's counsel, and has provided what appears to be an expert report in which she offers her opinion as to the adequacy of the investigation conducted by Hat World into the events that led to plaintiff's termination. She

finds the investigation to have been inadequate, under standards set forth by the Society for Human Resource Management. She does not say when she was retained, but her declaration/report) is dated December 20, 2013.

The court finds that reconsideration is not warranted on this ground. In short, the evidence that plaintiff claims is "newly discovered" is not. Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. See Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011). That is, for a court to grant a Rule 59(e) motion based on new evidence, a litigant "must show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier with due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003)).

Under this standard, none of the declarations plaintiff has submitted constitute "newly discovered" evidence, as each item of supposed new evidence was entirely within plaintiff's control, or accessible to him using reasonable diligence, well before the hearing on the summary judgment motions. In addition, prior to filing the present motion on March 5, 2014 – a full month after the judgment was entered – plaintiff's counsel never informed the court that he had obtained "new evidence" that he wanted the court to consider.

With regard to the documents attached to the Decker Declaration, the SFPD/OCC and OSH documents were in plaintiff's possession prior to the December 11, 2013 hearing, and in any event, plaintiff knew about the SFPD's involvement years ago, and was aware of Ms. Deremer's identity and her complaint as early as September 30, 2013.

With regard to the Raffle Declaration, if plaintiff's counsel believed a declaration from a retained psychiatrist would help plaintiff's case, nothing prevented counsel from identifying Dr. Raffle as an expert and commissioning the report prior to the briefing on the summary judgment motion. Moreover, Dr. Raffle conducted his evaluation of plaintiff prior to the December 11, 2013, hearing.

With regard to the DeLima Declaration, plaintiff has not shown he could not have

4

located Ms. DeLima prior to the summary judgment motion briefing.  He deposed Hat World's HR manager Ms. Baird several months before he filed his opposition to defendants motion, and if he believed an HR "expert" was required to rebut Ms. Baird's testimony, he should have retained Ms. DeLima in time to include her opinions in his opposition to the summary judgment motions.

Finally, plaintiff has not shown that this "new evidence" would change the outcome here.  He has not established that it is relevant or material, that it is substantively different from much of the evidence available in the record, or that it is of such magnitude that it would in any way change the court's analysis or ultimate ruling.  The SFPD record of the 911 call does not (as plaintiff suggests) indicate that Somoon used the term "citizen's arrest."  The only statement attributed to Somoon is "Resisting.  Adult male to go," which is not inconsistent with Somoon's testimony that he asked plaintiff to prepare a written statement but plaintiff was resisting.

As for the declarations, the declaration by Ms. Deremer is irrelevant and immaterial, as she is not African-American, the statement that another employee "likes black guys" is not suggestive of racial animus, the alleged incidents occurred at a different employer, and defendants had no opportunity to cross-examine Ms. Deremer.  While Somoon's comments and actions, as reported, could certainly be viewed as inappropriate, verging on sexual harassment, they do not suggest racial animus.  Moreover, according to Somoon, Ms. Deremer is white.

The declaration by Dr. Raffle (that plaintiff suffered emotional distress as a result of Somoon's alleged conduct) does not contradict the fact that plaintiff testified he felt comfortable at Hat World, and that he declined his former manager's offer to move to another company.  Moreover, defendants were never provided with an opportunity to cross-examine Dr. Raffle.  Similarly, defendants were never provided with an opportunity to cross-examine Ms. DeLima, and in addition, her opinions are arguably subject to a challenge under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) (which defendants did not have an opportunity

5

to present to the court).

### 2. Commission of clear error

Second, plaintiff asserts that the judgment should be vacated because the court applied outdated legal standards, thereby committing reversible error. Plaintiff asserts that he is not required to submit direct evidence in order to survive summary judgment, and that he is entitled to have circumstantial evidence of discriminatory animus considered independent of McDonnell Douglas. He contends that under Costa v. Desert Palace, 299 F.3d 838, 850 (9th Cir. 2002), which was affirmed by the Supreme Court in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), he is required to show only that a protected characteristic was a "motivating factor" in the adverse action – or, that in opposing defendants' motion, he needed only to provide evidence sufficient to raise a triable issue as to whether race was a "motivating factor."[1]

Plaintiff also complains that the court improperly applied a "heightened standard" to plaintiff's circumstantial evidence of pretext – arguing that the standard is no longer that such evidence must be "specific and substantial," but that this "vestigal language from the case law has been both harmonized and superceded." He cites Cornwall v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 (9th Cir. 2006), where the Ninth Circuit stated that post-Desert Palace and Costa, "specific, substantial" evidence can be interpreted to mean only evidence sufficient to raise a genuine issue of material fact on summary judgment.

In plaintiff's view, any post-Costa and post-Desert Palace citation to the "specific and

---

[1] Plaintiff did not mention either the Ninth Circuit's opinion in Costa or the Supreme Court's opinion in Desert Palace in his opposition to Genesco/Hat World's motion. He did mention Costa in his opposition to Somoon's motion, citing to the "motivating factor" language.

Plaintiff includes a somewhat lengthy "mixed-motive" analysis, which he also did in his opposition to the motions for summary judgment. However, because Hat World did not assert a "mixed-motive" defense, the court's order granting defendants' motions did not evaluate whether Hat World had mixed motives for terminating plaintiff. Here, plaintiff argues that defendants offered a "mixed-motive" defense because in response to his largely circumstantial evidence that race was motivating factor in his termination, they simply offered a non-discriminatory reason for the firing. He claims he should have been allowed to proceed past summary judgment because he provided evidence showing that race was a motivating factor, even though other factors may also have motivated the defendants.

6

substantial" standard by the Ninth Circuit "can only be construed as a sign of lingering confusion." He asserts that because this court stated that circumstantial evidence supporting pretext must be "specific and substantial," it necessarily improperly discounted the evidence of pretext that he presented.[2] Plaintiff argues that the question of pretext thus comes down to an issue credibility, which cannot be resolved on summary judgment – and that in accepting Somoon's version of events, the court made an improper credibility determination.

The court finds that reconsideration is not warranted on this ground, as plaintiff has not established that the court committed any clear error by applying "outdated" or "superceded" legal standards. "Clear error" for purposes of a motion for reconsideration occurs when "'the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.'" Smith v. Clark County Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

Here, plaintiff appears to be asserting that the court ignored direct evidence of racial animus, and failed to properly consider the claims under the McDonnell Douglas shifting burdens analysis. The court disagrees. The court correctly analyzed the meaning of direct evidence, and also properly evaluated plaintiff's claims using the McDonnell Douglas framework. Direct evidence of employment discrimination is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption. See Coghlan v. American Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir. 2005). The discriminatory animus must be related to the unlawful employment decision. See Shelley v. Geren, 666 F.3d 599, 615 (9th Cir. 2012).

Here, the court found that plaintiff had presented no evidence showing that he was terminated based on race. Rather, plaintiff pointed to isolated, vague, and stray comments,

---

[2] It appears that this evidence is Somoon's statement to HR that plaintiff had stolen hats, which plaintiff claims was a "manufactured charge" – notwithstanding that it is undisputed that he admitted having taken hats out of the store.

7

none of which were made by anyone in Hat World's HR Department, and none of which was made at the time of his termination or tied directly to his termination.

In Desert Palace, where the Supreme Court for the first time considered "the effect of the 1991 Act on jury instructions in mixed-motive cases," id., 539 U.S. at 98, the Court held that in Title VII cases generally, direct and circumstantial evidence should be treated alike, noting that "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence," id. at 100.  Plaintiff argues that because the Supreme Court has held that no heightened showing is required for circumstantial evidence, this court erred by finding that plaintiff had failed to establish pretext by "specific and substantial" circumstantial evidence.

While it is true that the court stated in the order that "plaintiff has not provided direct evidence showing that he was terminated based on his race," the court also found that "[t]he evidence is undisputed that Ms. Baird was the decisionmaker – not Somoon – and there is no evidence that Ms. Baird or anyone else in HR was motivated by racial animus."  Feb. 5, 2014 Order at 17-18 (emphasis added).  The court did not distinguish here as between direct and circumstantial evidence, but rather simply found that there was no evidence of racial animus on the part of the decisionmakers.

Further, the court correctly applied the McDonnell Douglas shifting-burdens analysis, finding that defendants had met their burden of articulating a legitimate, nondiscriminatory reason for the termination, and that plaintiff had not met his ultimate burden of presenting evidence sufficient to raise a triable issue as to whether Hat World terminated him based on his race.  The court did not apply a "heightened standard" to circumstantial evidence – the fact is that there was no evidence that Hat World terminated plaintiff based on race, and the evidence actually showed that plaintiff admitted taking hats out of the store, which he knew was against company policy.  Nor did the court address any "mixed-motive" defense.

The "direct evidence" and McDonnell Douglas analyses are proper and have consistently been applied in the Ninth Circuit following Desert Palace.  See, e.g., McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004) (when opposing a motion for

summary judgment in a disparate treatment case, a plaintiff may proceed by using the McDonnell-Douglas framework, or alternatively, may simply present direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the adverse action).

Moreover, while the Ninth Circuit has questioned the "specific and substantial" requirement, see Davis v. Team Elec. Co., 520 F.3d 1080, 1091 (9th Cir. 2008); Cornwell, 439 F.3d at 1030-31, it has also continued to rely on that test for evaluating circumstantial evidence of pretext, see, e.g., Anthoine v. North Central Counties Consortium, 605 F.3d 740, 753 (9th Cir. 2010); E.E.O.C. v. The Boeing Co., 577 F.3d 1044, 1049 (9th Cir. 2009); Meyoyer v. Chassman, 504 F.3d 919, 930-31 (9th Cir. 2007); Nilsson v. City of Mesa, 503 F.3d 947, 953-55 (9th Cir. 2007).

### 3.    Intervening change in controlling law

Third, plaintiff argues that summary judgment should be vacated based on the Supreme Court's decision in Vance v. Ball State Univ., 133 S.Ct. 2434 (2013). In Vance, the Court held that, for purposes of determining vicarious liability in workplace harassment claims under Title VII, a "supervisor" is an individual who is "empowered by the employer to take tangible employment actions against the victim." Id. at 2439. The Court defined "tangible employment action" as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or decision causing a significant change in benefits." Id. at 2442-43 (citation and quotations omitted). The Court rejected the "nebulous definition" advocated by the EEOC's Enforcement Guidance, which tied supervisor status to "the ability to exercise significant direction over another's work." Id. at 2443.

In his motion, plaintiff quotes an excerpt from the Vance decision, where the Court explained,

> If an employer does attempt to confine decisionmaking power to a small number of individuals, those individuals will have a limited ability to exercise independent discretion when making decisions and will likely rely on other

9

workers who actually interact with the affected employee. . . . Under those circumstances, the employer may be held to have effectively delegated the power to take tangible employment actions to the employees on whose recommendations it relies.

Id. at 2452.  However, this comment was made in the context of a harassment claim, and the specific question of when employers are liable for harassment by supervisors.

The court finds that plaintiff has identified no intervening change in the law that warrants reconsideration.  The decision in Vance was issued on June 24, 2013, which plaintiff characterizes as "just prior to the summary judgment motion filing," but which in fact was more than three months before the defendants filed their motions for summary judgment.

Moreover, it is not on point.  Plaintiff is attempting to extrapolate from Vance's definition of "supervisor" for purposes of determining whether an employer can be held vicariously liable for harassment under Title VII in order to argue that Somoon's recommendation that plaintiff be discharged transformed him into a "decisionmaker" notwithstanding the undisputed testimony that Ms. Baird made the decision to terminate plaintiff.  However, the dispute in Vance involved allegations of harassment, and the legal issue resolved was one that had been left open in a prior Supreme Court case – who qualifies as a supervisor (for purposes of alleging vicarious liability) in a Title VII case for workplace harassment.

4. Disputes of material fact

Finally, plaintiff asserts that disputed issues of fact exist with regard to four questions, such that summary judgment was not warranted – (i) the question whether Somoon's use of "nigger" and his remarks that plaintiff "dressed ghetto," was a "lazy thug," and that "you people all steal" showed racial animus or were instead stray, race-neutral comments; (ii) the question whether Somoon had a race-based motivation for the adverse employment action (plaintiff's termination); (iii) the question whether there was a non-discriminatory reason for terminating plaintiff; and (iv) the question whether Somoon or HR terminated plaintiff.

10

Plaintiff contends that the first and second questions require an assessment of Somoon's intent and motivation, which cannot be resolved on summary judgment; that the third question involves the "mixed-motive" defense, which plaintiff claims has been raised by defendants here; and that the fourth question is controlled by Vance, and that the identity of the actual decisionmaker (HR or Somoon) is a question of fact.

For the reasons stated above and in the order granting defendants' motion for summary judgment, the court finds that none of these questions raises a disputed issue of fact, sufficient to warrant reconsideration of the summary judgment order. Accordingly, plaintiff's motion must be DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge